UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Matthew Levine

     v.                                    Civil No. 14-cv-474-JD
                                           Opinion No. 2015 DNH 082
Town of Pelham, et al.


                              O R D E R


     Matthew Levine brought suit in state court, alleging state law claims against the Town of Pelham, the Pelham Police Department, and the Pelham School District, and alleging a claim under 42 U.S.C. § 1983 against the town and the police department.[1]  The town removed the case to this court.  After filing their answers, the school district and the town filed motions for judgment on the pleadings.[2]  Levine then moved to amend his complaint.


                            Background

     Levine alleges that in 2011, during the events that gave rise to his claims, he was an educator in the Pelham School

---

[1]The town and the police department represent that the police department is a department of the town and not a separate entity for purposes of this suit.  Therefore, those defendants will be referred to as the town.

[2]The school district had filed its answer when it filed its motion to dismiss and also purported to move to dismiss pursuant to Federal Rule of Civil Procedure 12(c).  Therefore, the school district's motion is construed to seek judgment on the pleadings under Rule 12(c) rather than dismissal under Rule 12(b)(6).

District. He states that he was arrested in August of 2011 when it was discovered that a Facebook account in his name was being used to communicate inappropriately with a student in the Pelham School District. Levine denies that he engaged in those communications. Levine alleges that the police department wrote in a report that he had agreed that he had communicated with the student.

After his arrest, Levine was indicted by a grand jury. The charges against him were ultimately dismissed in the superior court.

Levine alleges that he lost his job in the school district because of the arrest and the charges brought against him. He also alleges that he lost a subsequent job in the Gloucester, Massachusetts school system because of the arrest and charges. He further alleges that his application for a license with the Massachusetts Department of Education was put on hold because of his arrest.

I. Motion to Amend

Levine moves to amend his complaint to add a statement to paragraph 9 that he did not agree that he had communicated with a student, as stated in the police report. He also proposes to add a paragraph which alleges that the town lacked policies and procedures to require its detectives to obtain Internet Protocol

addresses from Facebook. He further alleges in the new paragraph that the town's policies and procedures failed to require the police to investigate whether the address associated with the communications with the student was controlled by him. The town objects to the motion to amend on the grounds that the amendment is futile.

A.   Standard of Review

Under Federal Rule of Civil Procedure 15(a)(2), a party may move to amend his complaint, and "(t)he court should freely give leave when justice so requires." A motion for leave to amend may be denied, however, if the amendment would be futile. Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007). An amendment would be futile if it fails to make a plausible claim for relief as tested under the Rule 12(b)(6) standard. HSBC Realty Credit Corp. (USA) v. O'Neill, 745 F.3d 564, 570 & 578 (1st Cir. 2014).

Under the Rule 12(b)(6) standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009). The court accepts all well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor but does not accept legal conclusions or mere recitation of the elements of a cause of action. San Geronimo Caribe Project, Inc. v. Acevedo-Vila, 687 F.3d 465, 471 (1st Cir. 2012).

B. Discussion

The town contends that Levine's proposed amended complaint is futile because it fails to allege facts to support municipal liability under § 1983, because the state law claims are barred by RSA 507-B, and because the claims are barred by the statute of limitations. Levine did not respond to the town's assertion of futility. The town raised the same issues in its motion for judgment on the pleadings, however, and in his objection Levine ignored the statute of limitations issue and argued that he had adequately alleged facts to support his claims.

1. Section 1983 Claim - Count II

In the proposed amended complaint, Levine alleges that he was "arrested and charged with a crime without cause." He states that Pelham police officers arrested him and "sought prosecution" under their "official authority" and that "their use of this authority violated [his] rights under the Fourth Amendment of the United States Constitution." Levine further

alleges that the town "is vicariously liable for actions of the Pelham Police Department."

The town contends that the § 1983 claim is barred by the statute of limitations and also fails on the merits. Specifically, the town asserts that it cannot be liable under a theory of vicarious liability and that Levine has not alleged facts to support municipal liability.

      a.   <u>Statute of Limitations</u>

Claims brought under § 1983 are governed by the appropriate state law governing limitations periods. Vistamar, Inc. v. Fagundo-Fagundo-Fagundo, 430 F.3d 66, 69 (1st Cir. 2005). For § 1983 claims brought in New Hampshire, the applicable statute of limitations is three years, as provided by RSA 508:4. Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010). Federal law, however, governs the date when a § 1983 claim accrues. Id. For purposes of § 1983 claims for false arrest, when the charges were later dropped or dismissed, the limitations period begins to run "at the time the claimant becomes detained pursuant to legal process." Wallace v. Kato, 549 U.S. 384, 397 (2007). Under New Hampshire Superior Court Rule 2, the limitation period imposed by RSA 508:4 begins when the writ is filed or served, whichever occurs first. See Bentley v. City of Lebanon, 2011 WL 1085663, at *1 (Mar. 22, 2011).

In this case, Levine alleges that he was arrested in August of 2011. The town asserts, supported by the affidavit of the officer who arrested Levine, that Levine was arrested on August 24, 2011, and was released on bail the next day. Levine does not dispute the dates of his arrest and release or contest the officer's statements in his affidavit. Levine's original complaint is dated August 28, 2011, and the state court record shows that the complaint was filed on August 28, 2011. Service on the defendants was completed on October 2, 2011.

Based on that chronology, Levine's § 1983 claim, which alleges that his arrest violated the Fourth Amendment, was filed four days too late. As a result, absent other considerations that have not been raised here, his § 1983 claim is time barred.

    b. Merits

In addition, although the § 1983 claim is barred by the statute of limitations, the claim would also fail on the merits.

The town cannot be vicariously liable under § 1983 for actions taken by its police officers. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978). When a plaintiff brings a § 1983 claim against a town, he must allege that "the municipality itself cause[d] the constitutional violation at issue." City of Canton v. Harris, 489 U.S. 378, 387 (1989). To do that, the plaintiff must allege facts that demonstrate the

existence of municipal custom, policy, or practice and a "direct causal link" between the municipal custom, policy, or practice and the constitutional violation. Id. at 385.

A single instance of misconduct by a police officer, standing alone, is insufficient to show a municipal custom, policy, or practice.[3] Fabiano v. Hopkins, 352 F.3d 447, 452 (1st Cir. 2003). To be actionable under § 1983, an unwritten or informal custom, policy, or practice must "be so well-settled and widespread that the policy-making officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end it." Walden v. City of Providence, 596 F.3d 38, 57-8 (1st Cir. 2010) (internal quotation marks omitted). When a plaintiff asserts that the municipality's failure to train its employees was a custom, policy, or practice that resulted in a constitutional violation, he must allege facts that the municipality's failure to train showed a deliberate indifference to the constitutional rights allegedly violated. Haley v. City of Boston, 657 F.3d 39, 52 (1st Cir. 2011); Estate of Bennett v. Wainwright, 548 F.3d 155, 177 (1st Cir. 2008).

---

[3]In contrast, a single act by a final policy maker may establish an official custom, practice, or policy. Rosaura Bldg. Corp. v. Municipality of Mayaguez, 778 F.3d 55, 62 (1st Cir. 2015).

7

To support his unconstitutional arrest claim under § 1983, Levine proposes to add allegations about the town's policies and procedures. The new allegations are that "[t]he policies and procedures of the Town of Pelham Police Department did not require any detective, investigator or other employee to obtain Internet Protocol ("IP") address information from Facebook related to the communication in question" and that "the policies and procedures [did not] require, prior to seeking charges against the Defendant, that the IP address of the communication somehow be associated with one controlled or associated with the Plaintiff." Levine also adds that "no such investigation was undertaken."

Levine's new allegations are that the town lacked policies and procedures that he contends were necessary to investigate the accusation that he had inappropriately communicated with a student through Facebook. As such, he is not alleging that his arrest was caused by a custom, policy, or practice of the town. To the extent Levine's new allegations are intended to claim a lack of training for town police officers, he fails to include allegations that would show the town's deliberate indifference to constitutional rights that could be violated by the lack of training.

As a result, Levine's proposed amendment does not adequately allege municipal liability under § 1983.

Count II, even with the proposed amendments, is time barred and does not state an actionable claim against the town under § 1983. As a result, the proposed amendment would be futile and the motion to amend is denied.

## II. Motions for Judgment on the Pleadings

Both the town and the Pelham School District moved for judgment on the pleadings on all claims in the original complaint. Jurisdiction for removal of this case from state court was premised on the existence of a federal question as required by 28 U.S.C. § 1331. The only claim that presents a federal question is the § 1983 claim in Count II.

For the reasons explained in Part I, the complaint, even with the proposed amendments, does not state a claim under § 1983. Therefore, that claim is dismissed.

When the court has dismissed all claims over which it had original jurisdiction, the court may decline to exercise supplemental jurisdiction over the other claims in the case. 28 U.S.C. § 1367(c)(3). In making the decision whether to retain or decline supplemental jurisdiction, the court should consider "the interests of fairness, judicial economy, convenience, and comity." Desjardins v. Willard, 777 F.3d 43, 45 (1st Cir. 2015) (internal quotation marks omitted). "[T]he balance of competing

factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation." Camelio v. Am. Federation, 137 F.3d 666, 672 (1st Cir. 1998).

This case was removed from state court and has not proceeded beyond preliminary motion practice. The remaining state claims involve, among other things, issues of immunity under state law and the breadth of negligence under state law. Therefore, the relevant considerations support a decision to decline supplemental jurisdiction over the remaining state law claims.

## Conclusion

For the foregoing reasons, the plaintiff's motion to amend (document no. 18) is denied.

The town defendants' motion for judgment on the pleadings (document no. 11) is granted as to Count II and is otherwise terminated due to lack of subject matter jurisdiction.

The Pelham School District's motion to dismiss (document no. 10) and motion to strike (document no. 17) are terminated due to a lack of subject matter jurisdiction.

The case is remanded to Hillsborough County Superior Court, Southern District.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

April 15, 2015

cc: Brian J.S. Cullen, Esq.
    Donna Feeney, Esq.
    Diane M. Gorrow, Esq.
    Mark L. Stevens, Esq.